IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY SWANK, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| COMMERCIAL RECOVERY § | |
| SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Mary Swank ("Plaintiff"), an individual, for Defendant, Commercial Recovery Systems, Inc.'s ("Defendant"), violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the law, and to have an order or injunction issued by this Court preventing Defendant from continuing to engage in conduct that violates the aforementioned statute.

3. Service may be made upon Defendant in any district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

1

## PARTIES

6. Plaintiff is a natural person residing in the State of Texas, County of Dallas, and City of DeSoto.

7. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card used for consumer purchases such as gasoline and groceries (the "Debt").

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Paul Severino" ("Mr. Severino"), placed a call to a third-party, Plaintiff's daughter, on August 28, 2012, and at such time, spoke with Plaintiff's son-in-law, Spencer Mathews ("Mr. Mathews").

14. During the August 28, 2012 conversation, Mr. Severino told Mr. Mathews that he was an attorney looking for Plaintiff.

15. Mr. Severino further stated that if Plaintiff did not contact Defendant right away, the police would show up at Plaintiff's residence or place of employment.

16. In connection with the collection of the Debt, Mr. Severino placed a call to Plaintiff's cellular telephone on August 29, 2012, and at such time, told Plaintiff that he was a litigator and that there was a judgment against Plaintiff in Collin County Court for $11,957.22.

17. In response, Plaintiff told Mr. Severino that she was not aware of any judgments filed against her and that she would check with Collin County Court.

18. During the August 29, 2012 conversation, Mr. Severino threatened that Defendant intended to freeze Plaintiff's bank account, place a lien on Plaintiff's property, and take Plaintiff's income tax refund.

19. Plaintiff called Collin County Court and the County Clerk informed Plaintiff that there were no pending judgments against Plaintiff.

20. Plaintiff called Mr. Severino on August 29, 2012 at 5:30 P.M. and told Mr. Severino that there were no judgments filed against her in Collin County Court and requested a copy of the alleged judgment.

21. During the August 29, 2012 conversation, Mr. Severino told Plaintiff that he was going to file a writ of execution and that a sheriff would show up at Plaintiff's residence.

22. Upon information and good-faith belief, Defendant did not intend to file a writ of execution against Plaintiff.

23. Defendant's initial communication with Plaintiff occurred on August 29, 2012.

24. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. §

1692g(a), either in its initial communication with Plaintiff or in writing within 5 days thereafter.

25. As a proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered headaches, sleeplessness, upset stomachs, mood swings, and crying spells.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(b)

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b *et seq.*, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(3)

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing that Mr. Severino was an attorney and/or that a communication was from an attorney.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

**VIOLATION OF 15 U.S.C. § 1692e(4)**

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing or implying that nonpayment of Plaintiff's Debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action was not lawful, or Defendant did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(5)**

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that could not legally be taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: misrepresenting the legal status of Plaintiff's alleged debt; misrepresenting the level of attorney involvement in the collections process; and threatening to seize Plaintiff's assets, when upon information and good-faith belief, Defendant did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(a)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Joseph Panvini
Joseph Panvini
Arizona Bar # 028359
jpanvini@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
5025 North Central Ave, #602
Phoenix, AZ 85012
Telephone: (888) 595-9111
Facsimile: (866) 565-1327

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000

8

>
> 2912 West Sixth Street
> Fort Worth, Texas 76107
> Telephone: (817) 335-4003
> Facsimile: (817) 335-7112
>
> *Attorneys for Plaintiff*
> MARY SWANK